IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| HERMAN RALPH ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 1:11cv87 |
| | ) | |
| v. | ) | |
| | ) | |
| WOODROW MCGLOTHLIN, | ) | By: Hon. Robert S. Ballou |
| | ) | United States Magistrate Judge |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the court on the Motion to Dismiss filed pursuant to Fed.R.Civ.P. 12(b)(6) by Defendant Woodrow McGlothlin ("McGlothlin"), (Dkt No. 30), and Plaintiff, Herman Ralph Adkins's ("Adkins") response. (Dkt. Nos. 33 & 35.) By Order dated February 14, 2012, District Judge Michael F. Urbanski referred all dispositive motions to me for proposed findings of fact and a recommended disposition of the case pursuant to 28 U.S.C. § 636(b)(1)(B). The court dispenses with oral argument, and the case is now ripe for decision.

For the reasons set forth herein, it is **RECOMMENDED** that McGlothlin's Motion to Dismiss (Dkt. 30) be **GRANTED**, that Adkins's remaining motion for discovery (Dkt. 33) be **DENIED** as moot, and that this case be **DISMISSED.**

I.

On January 12, 2011, Adkins filed this *pro se* civil rights action, under 42 U.S.C. § 1983, with jurisdiction pursuant 28 U.S.C. § 1343 in the Eastern District of Tennessee seeking injunctive relief to direct that McGlothlin stay away from Adkins and his home.[1] On November

---

[1] The May 29, 2012 response of Adkins to McGlothlin's motion to dismiss now includes a demand for $500,000 in punitive damages and $500,000 in compensatory damages. (Dkt. No. 33.)

29, 2011, the court in the Eastern District of Tennessee held that although Adkins filed the complaint under 42 U.S.C. § 1983, it could properly be construed as an action brought under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The court then concluded that proper venue lay in the Western District of Virginia and transferred the case to this court "in the interest of justice" pursuant to 28 U.S.C. § 1406(a).[2]

The case is now properly before the court on Adkins's complaint as amended and McGlothlin's Motion to Dismiss. On May 29, 2012, Adkins filed a "Pro Se Response" to McGlothlin's Motion to Dismiss, asserting additional facts in support of his complaint, to which McGlothlin replied. (Dkt. No. 33.) Adkins filed another response on June 5, 2012, (Dkt. No. 34), again alleging new facts and attaching new exhibits. It is "axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss." *Katz v. Odin, Feldman & Pittleman, P.C.*, 332 F. Supp. 2d 909, 917 n.9 (E.D. Va. 2004) (*citing Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir. 1989) (citation omitted); *see also Davis v. Cole*, 999 F.Supp. 809, 813 (E.D. Va. 1998) (refusing to consider additional allegations in response to motion to dismiss); *Sloan v. Urban Title Services, Inc.*, 689 F. Supp. 2d 94, 114 (D.D.C. 2010). Therefore, the court will not consider any new factual allegations or exhibits in Adkins's response to McGlothlin's Motion to Dismiss.[3]

---

[2] This court construes Adkins's actions solely as a *Bivens* action. To the extent that Adkins wishes to assert his claims under the Federal Tort Claims Act, he has failed to exhaust his administrative remedies. 28 U.S.C. § 2675(a); *McNeil v. United States*, 508 U.S. 106, 107 (1993)("The Federal Tort Claims Act (FTCA) provides that an 'action shall not be instituted upon a claim against the United States for money damages' unless the claimant has first exhausted his administrative remedies.")

[3] These new facts relate to a search by McGlothlin of the house of Adkins's mother, which Adkins believes violated his mother's Fourth Amendment rights. Adkins's mother has passed away, and Adkins may not assert his mother's rights in this case. "Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted." *Rakas v. Illinois*, 439 U.S. 128, 133-34 (1978) (quoting *Alderman v. U.S.*, 394 U.S. 165, 174 (1969)); *see e.g.*, *Pallas v. Faust*, 972 F.2d 1341 (9th Cir. 1992) (holding that plaintiff lacked standing when he had no interest in the seized materials). Thus, Adkins could assert no viable *Bivens* claim for an alleged violation of his mother's constitutional rights.

2

**II.**

Adkins's factual allegations are contained in his complaint (Dkt. No. 2), amendments to his complaint, which the court now incorporates into the original complaint, (Dkt. No. 21), and two letters dated December 18, 2010 and May 25, 2009, incorporated by reference into the original complaint and jointly exceeding 400 pages. (Dkt. No. 27.) Collectively, Adkins's allegations come before the court as unorganized fragments of past testimony, photographs, witness subpoenas, criminal complaints, undated letters, summaries of alleged "indisputable lies," the transcript of a criminal trespass trial from the Washington County General District Court, and a narrative of events prepared by Adkins dating back to the mid-1990s.

From this incoherent assortment of submissions, the court can discern that in the late 1990s Adkins initiated a criminal trespass action in state court against a Washington County Deputy Sheriff and Adkins's ex-wife. The trial judge dismissed the trespass charge against the Deputy Sheriff, but found Adkins's ex-wife guilty of trespass and imposed a $50.00 fine. The court, in dismissing the trespass charge, indicated that the matter was a boundary line dispute and clearly suggested that it was a civil dispute and not a criminal matter. (Dkt. No. 27.)

In 1998, Adkins filed a civil rights action in this court against the Deputy Sheriff and the Sheriff of Washington County, and the presiding magistrate.[4] This action went to trial and resulted in a defense verdict. *See generally Adkins v. Moore,* No. 1:98-CV-20006 (W.D. Va.). Following this verdict, Adkins picketed the federal courthouse in Abingdon, Virginia, accusing the trial judge, who presided over his civil rights trial, of condoning perjury and selecting a biased jury. Based on these actions, Adkins pled guilty in October 2000 for threatening a federal

---

[4] *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir.1989) (stating court may take judicial notice in a civil case of relevant and critical criminal matters). *See e.g.*, *Stewart v. Tuck*, No. 7:08-CV-00621, 2009 WL 3614460 (W.D. Va. Oct. 30, 2009)

3

judge and received a six month prison sentence, a fine of $500.00, and "supervised probation" for one year. *USA v. Adkins*, No. 1:00-CR-00009 (W.D. Va. Oct. 5, 2000). In December 2001, Adkins mailed a letter to a district court judge sitting in the Western District of Virginia in which Adkins noted that if he did not receive answers to the questions in his letter, he would see fit to seek "a life for a life." (Dkt. No. 27.) In March 2002, Adkins pled guilty to threatening to assault and murder a United States Judge and received one year of probation. *USA v. Adkins*, No. 1:02-CR-00002 (W.D. Va. March 8, 2002).

In this present lawsuit, Adkins alleges that he wrote McGlothlin a letter in February 1999 in regard to the alleged false testimony offered by witnesses at his federal civil trial. (Dkt. No. 2.) Adkins demanded that McGlothlin investigate perjury allegedly committed by Deputy Sergeant Moore and the other witnesses at the federal civil trial. *Id.* After making this request to McGlothlin, Adkins alleges that McGlothlin arrested him for a weapons possession violation. *Id.* Shortly thereafter, a magistrate judge directed Adkins to Butner Federal Correctional Institute for a mental competency examination. *Id.* Adkins claims that the fact that he was found free of mental disease or defect in his mental competency examination supports his contention that McGlothlin "railroaded" him and "us[ed] nothing but lies to destroy the Plaintiff's life." (Dkt. Nos. 2, 21.) Taking these facts together, Adkins seems to allege that government "railroaded" him in the criminal prosecutions, because the United States Attorney's Office prosecuted him, but failed to prosecute others, including McGlothlin.

Adkins also claims that in the spring of 2009, the Kingsport, Tennessee police began watching him at McGlothlin's direction. In the fall of 2009, Deputy Marshal Davis came to Adkins's home and told him that nothing would be done about the alleged perjury at his civil trial. Adkins tried on numerous occasions to discern why McGlothlin watched his property, but

4

alleges that he received no response. Adkins alleges that at some unspecified time, McGlothlin tried to run Adkins off of Adkins's farm in Washington County, Virginia, thereby requiring Adkins to live in his truck for a period of time. (Dkt. No. 21.) Adkins alleges no facts to explain how McGlothlin tried to "run" Adkins off his property.

Finally, Adkins alleges that on October 27, 2010, McGlothlin visited Adkins's home in Kingsport, Tennessee to investigate a series of letters that Adkins sent to federal officials. (Dkt. 2, 31.) Adkins was not at home, so McGlothlin left his business card. (Dkt. No. 2, 31.) Adkins alleges that he called McGlothlin back several times and left a message on Deputy Marshal Davis's answering machine. (Dkt. No. 21.) Adkins alleges that he never received any follow up correspondence or communication. *Id.*

Adkins fails to allege a violation of any specific constitutional right by any person or entity or that McGlothlin, in particular, violated any of his constitutional rights.[5] The court has considered all of the unorganized, incoherent and fragmented documents presented. At best, Adkins's claims that the government failed to investigate the persons who perjured themselves in his civil trial and that he was "railroaded" because the criminal prosecutions, amount to a malicious prosecution claim. Additionally, Adkins claims that he lives in fear of the police, because McGlothlin came onto his property, failed to return his calls, and "ran" him off of his farm. The court, liberally construing these allegations, notes that these actions may, at most, constitute a claim for common law trespass or an illegal seizure under the Fourth or Fifth Amendment. These facts as stated in Adkins's complaint, amendments to the complaint, and

---

[5] Adkins broadly alleges violations of his 1st, 2nd, 4th, and 14th amendment rights in his Reply to Defendant's Reply Brief. (Dkt. No. 35.) However, these responses will not be read as an amendment to the Complaint. Even if Adkins was allowed to amend his complaint, Adkins could not allege a constitutional violation based on the allegations set forth in his Reply.

5

letters dated December 18, 2010 and May 25, 2009 fail to state any claim upon which relief can be granted.

## III.

Allegations made in a *pro se* complaint are "liberally construed, and … must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (internal citation omitted). Notwithstanding this obligation, the court is not required to accept a *pro se* plaintiff's contentions as true, *Denton v. Hernandez,* 504 U.S. 25, 32 (1992), and cannot ignore a clear failure to allege facts positing a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.,* 901 F.2d 387, 391 (4th Cir.1990). Moreover, the court does not act as the *pro se* plaintiff's advocate, *sua sponte* developing statutory claims that the plaintiff failed to clearly raise on the face of the complaint. *Id.* ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.")

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). The court accepts as true all well-plead facts and construes those facts in the light most favorable to the plaintiff. *Phillips v. Pitt County Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). However, "legal conclusions, formulaic recitation of the elements of a cause of

6

action, or bare assertions devoid of further factual enhancements fail to constitute well-pled facts for Rule 12(b)(6) purposes." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc*., 591 F.3d 250, 255 (4th Cir.2009) (citing *Iqbal*, 556 U.S. at 678).

Plaintiffs must plead enough facts to "nudge[ ] their claims across the line from conceivable to plausible," and if the claim is not "plausible on its face," it must be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility requirement "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claim. *Id*. at 556.

## IV.

*Bivens* allows an action against federal employees for violations of constitutionally protected rights and is the federal analog to a claim brought against state officials under 42 U.S.C. § 1983. *Hartman v. Moore*, 547 U.S. 250, 255 n. 2 (2006). To recover in a *Bivens* action, a plaintiff must establish that a federal officer acted beyond the bounds of his or her formal position, and that in doing so, he or she violated plaintiff's federally protected constitutional rights. *Bivens*, 403 U.S. at 397.

### Failure to Prosecute Claims

Adkins's allegation that the government "railroaded" him in his criminal cases fails as a matter of law, and amounts to a malicious prosecution claim, at best. A claim of malicious prosecution amounting to a constitutional deprivation of rights requires the plaintiff to prove all elements of a state law tort of malicious prosecution. *Lewis v. McDorman,* 820 F.Supp. 1001, 1006 (W.D. Va. 1992). Therefore, in Virginia, Adkins must allege facts that show: (1) that the prosecution was set on foot by the defendant and that it terminated in a manner not favorable to

7

the plaintiff; (2) that it was instituted or procured by the cooperation of the defendant; (3) that it was without probable cause; and (4) that it was malicious. *Oxenham v. Johnson,* 241 Va. 281, 287, 402 S.E.2d 1, 4 (1991). *See e.g.*, *Caldwell v. Green*, 451 F. Supp. 2d 811, 817-18 (W.D. Va. 2006). Adkins pled guilty to both of the criminal charges against him in 2000 and 2002. (*See* 1:00cr00009 & 1:02cr00002.) Adkins's guilty pleas act as a complete defense to his malicious prosecution claim, because it negates the third element of the claim by establishing that there was probable cause for the arrest and prosecution. *See Brewster v. Woodward & Lothrop, Inc.*, 530 F.2d 1016, 1017 (D.C.Cir.1976); *Teller v. Marshall's, Inc.*, 1992 WL 884777, at *2 (Va.Cir.Ct. July 2, 1992)(unpublished). *See e.g.*, *Gooding v. Gonzales*, 2011 WL 841261 (W.D. Va. Mar. 7, 2011). There can be no constitutional claim asserted against McGlothlin regarding the criminal prosecutions. Therefore, Adkins's "railroading" claim or malicious prosecution claim fails as a matter of law.

Additionally, Adkins attempts to assert a cause of action based on McGlothlin's failure to investigate Adkins's claims of perjury. This assertion does not state a cause of action under the Constitution. Consequently, Adkins's claim that McGlothlin failed to investigate claims of perjury by witnesses at either the state court criminal trespass or the federal civil rights trials fails as a matter of law and should be dismissed.

### **Property Claims**

Adkins claims that he lives in fear of the police, because McGlothlin came to his property and then failed to return his calls. Construing Adkins's Complaint liberally, Adkins, at best, may make out a state law trespass claim. Under Virginia tort law, trespass derives from the "general principle of law [that] every person is entitled to the exclusive and peaceful enjoyment of his own land, and to redress if such enjoyment shall be wrongfully interrupted by another." *Tate v.*

8

*Ogg,* 170 Va. 95, 99 (1938).  However, to state a claim under *Bivens*, Adkins must allege that these trespass actions also establish a constitutional violation.  A trespass to property by a law enforcement officer does not amount to a constitutional violation except to the extent these actions amount to an illegal search and seizure in violation of the Fourth Amendment - facts which Adkins does not allege. *C.f., Hunsberger v. Wood*, 7:07CV00087, 2010 WL 1053699 (W.D. Va. Mar. 22, 2010) ("[A] police officer's entry that is consistent with the Fourth Amendment is not a common law trespass.").  Adkins alleges no facts that defendant did anything when he came on plaintiff's property in 2010 other than leave his business card.  No action by McGlothlin has prevented Adkins from using his property as he wished.  The actions alleged by Adkins do not rise to the level of a constitutional violation as a matter of law, and therefore fail to make out a *Bivens* claim.

Additionally, Adkins's alleges that McGlothlin ran him off of his farm causing him to live in his truck.  Construing this allegation liberally, Adkins's may be claiming that these actions constitute an illegal seizure under the Fourth Amendment or seizure of Adkins's possessory interest in his land without due process in violation of the Fifth Amendment.  *See e.g.*, *Dunbar Corp. v. Lindsey*, 905 F.2d 754, 761 (4th Cir. 1990) (setting out the inquiry for determining whether plaintiff has a Fifth Amendment *Bivens* claims).  Adkins fails to allege that McGlothlin deprived him of his use or ownership of any personal real property.  Therefore, this claim fails to state a claim upon which relief can be granted, and should be dismissed.

## RECOMMENDED DISPOSITION

For the foregoing reasons, it is **RECOMMENDED** that McGlothlin's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt. No. 30) be **GRANTED**, that

Adkins's remaining motion for discovery (Dkt. No. 33) be **DENIED** as moot, and that this case be **DISMISSED.**

The clerk is directed to transmit the record in this case to the Honorable Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days. Any adjudication of fact or conclusion of law rendered herein by the undersigned that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings, as well as to the conclusion reached by the undersigned, may be construed by any reviewing court as a waiver of such objection.

Entered: August 6, 2012

/s/ Robert S. Ballou

Robert S. Ballou
United States Magistrate Judge