IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| HERMAN RALPH ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:11cv00087 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| WOODROW MCGLOTHLIN, | ) | United States District Judge |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter is before the court on the motion to dismiss filed by defendant Woodrow McGlothlin (Dkt. # 30). The motion was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition of the motion. On August 6, 2012, the Magistrate Judge issued a Report and Recommendation recommending that McGlothlin's motion to dismiss be granted and the motion for discovery filed by plaintiff, Herman Ralph Adkins, (Dkt. # 33), be denied as moot.

After review of the Report and Recommendation, Adkins' objections thereto and McGlothlin's response, it is clear that the Report and Recommendation must be adopted and this case dismissed. In short, as a matter of law, none of the alleged failings leveled against McGlothlin in his role as Deputy United States Marshal give rise to a civil rights claim actionable against him under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971).

## I.

Adkins first complains that McGlothlin violated his civil rights by arresting him on a federal felony gun charge in 1999, as to which he claims he was "railroaded" into pleading guilty. Review of the court records associated with Adkins' arrest and prosecution make it clear that Adkins has no viable claim that McGlothlin's arrest of him violated his civil rights.

In <u>United States v. Herman Ralph Adkins</u>, No. 1:99-mj-00060, a Complaint and Arrest Warrant were issued on September 9, 1999 on the felony weapons charge. Following Adkins' arrest by McGlothlin, an initial appearance was conducted on September 20, 1999, at which time the United States moved for a competency evaluation. A forensic evaluation was conducted and a report received on January 5, 2000. Adkins was found competent to stand trial at a hearing conducted on January 7, 2000 and released on bond. That case, No. 1:99-mj-00060, was terminated with the filing of a felony indictment against Adkins on January 26, 2000.

The docket of the ensuing action, <u>United States v. Herman Ralph Atkins</u>, No. 1:00-cr-00009, reflects that Adkins was represented by counsel in that case. A plea agreement was entered on July 7, 2000, reflecting Adkins' agreement to plead guilty to a misdemeanor. A superseding information was filed on July 20, 2000, and guilty plea hearing was held that day. Pursuant to the superseding information and plea agreement, Adkins pleaded guilty to a misdemeanor violation of 18 U.S.C. § 1507, which makes it unlawful to picket or parade in an attempt to interfere with, obstruct or impede the administration of justice or influence a judge. Pursuant to the plea agreement, the felony weapons charge against Adkins was dismissed on motion of the government. Adkins was sentenced to six months incarceration, with credit for time served during the pendency of his competency evaluation. Adkins was placed on home confinement for the remainder of the jail term imposed. Significantly, Adkins did not appeal this

criminal judgment, nor did he file a habeas corpus petition under 28 U.S.C. § 2255. As such, the court's October 5, 2000, judgment in this case has long been final.

As best as the court can discern, McGlothlin's only role in this prosecution was to arrest Adkins in September, 1999. As the Magistrate Judge correctly concluded, as Adkins pled guilty in 2000 pursuant to a plea agreement resolving the weapons charge for which he was arrested, there is no basis for any claim of malicious prosecution arising out of his arrest nor any other cognizable constitutional claim. "It is well settled under Virginia law that criminal conviction establishes, without the necessity of other proof, the existence of the element of probable cause to arrest and prosecute, which is a complete defense to actions for malicious prosecution, false arrest, and defamation." Brewster v. Woodward & Lothrop, Inc., 530 F.2d 1016, 1017 (D.C. Cir. 1976); Janney v. Arlan's Dept. Store, 247 F. Supp. 306, 308 (W.D. Va. 1965); Ricketts v. J. G. McCrory Co., 138 Va. 548, 554, 121 S.E. 916, 918 (1924).

## II.

Adkins next complains that McGlothlin somehow violated his constitutional rights by not investigating claims of perjury by witnesses at trials conducted during the preceding decade in state and federal court. Adkins has no constitutional right actionable under Bivens to require a Deputy United States Marshal to investigate and pursue Adkins' claims that Washington County Sheriff's Deputy Larry Moore and others lied under oath in earlier trials. Adkins obviously believes that he was wronged by falsehoods he contends were perpetrated in those courts by Moore and others. But there is no basis in the law for Adkins to bring a lawsuit against McGlothlin for not pressing Adkins' claims.

3

### III.

Finally, Adkins claims that his rights have been violated because McGlothlin came on Adkins' property, left his business card, and thereafter did not return Adkins' telephone calls. As the Magistrate Judge aptly noted, these facts do not support any constitutional violation. In short, there can be no actionable civil rights claim against McGlothlin, the only defendant in this case, and this case must be dismissed.

### IV.

Adkins has filed a written objection to the Report and Recommendation, which the court has reviewed. It is clear from the objection that Adkins principally is concerned with allegedly false testimony from Moore and others at trials held in state and federal court more than a decade ago. Indeed, Adkins asks this court to respond to two questions on the last page of his objection, each of which concerns the verity of testimony taken in trials conducted long ago. But the court has no ability, nor frankly any jurisdiction, to answer those questions as they have nothing at all to do with the defendant in this case, Woodrow McGlothlin, nor the claims raised against him in the case pending before the court. Simply put, a suit against McGlothlin can provide no remedy to Adkins for the wrongs he claims occurred at others' hands in other cases years ago. As there is no actionable constitutional violation alleged in this case, it must be dismissed.

An Order adopting the Report and Recommendation in its entirely and dismissing this action with prejudice will be entered this day.

Entered: 10-29-2012

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge